Hindman *vs.* State, use of Tosh, &c.

ROBERT N. HINDMAN *vs.* THE STATE OF MARYLAND, use of JOSEPH N. TOSH, Guardian of JAMES ELLS-WORTH BARNETT.

*Legacy—Executors—Orphans' Court—Improper payment of Legacy by Executors.*

A testator bequeathed to his grandson a certain sum of money, to be paid to him on his attaining the age of twenty-one years, the interest in the meantime to be paid to the daughters of the testator. No special direction was given by the testator as to who should invest the fund, collect the annual interest, and pay it over to the daughters.    The executors paid over the legacy to the guardian of the minor legatee, and that guardian becoming insolvent, was removed, and another was appointed in his stead.    In an action by the substituted guardian upon the bond of the first against the surety thereon, to recover the legacy paid over by the executors, it was HELD :

1st.    That as the duty was not imposed by the testator upon any other person, it was the duty of the executors, as incident to their office, not only to account for the fund to the minor legatee upon his attaining his majority, but to invest the same and keep it invested, and to collect and annually pay over the interest to the daughters.

2nd.    That the Orphans' Court had no power, by any order that it could make, to relieve the executors of the active and continuing duty in respect of the legacy, imposed upon them by the will.

3rd.    That the payment of the legacy by the executors to the guardian was improper, and his bond could not be made liable for the same.

APPEAL from the Circuit Court for Cecil County.

This was a suit instituted in the name of the State, for the use of Joseph N. Tosh, guardian of James Ellsworth Barnett, against Nicholas H. Barnett (who was returned *non est* by the sheriff) and Robert N. Hindman, on the guardian bond of the said Nicholas, upon which the said Robert was one of the securities.

*First and Second Exceptions*, taken to the admission of certain evidence, need not be stated.

*Third Exception.*—The plaintiff asked the following instruction:

That if the jury shall find that Nicholas H. Barnett was appointed guardian of James Ellsworth Barnett by the Orphans' Court of Cecil County, and gave bond, with Robert N. Hindman and William Watkins, as his sureties, and that the said Nicholas H. Barnett, as guardian as aforesaid, received from Joseph N. Tosh and James Nichols, executors of the last will and testament of James Tosh, deceased, (if they find such will,) the sum of four hundred dollars, the legacy bequeathed by the testator to the said James Ellsworth Barnett, and that the Orphans' Court of Cecil County, passed the account of said executors offered in evidence, and the accounts of the said Nicholas H. Barnett, guardian of the said James Ellsworth Barnett, offered in evidence, and that afterwards, the said Nicholas H. Barnett was removed from the said guardianship, by the said Orphans' Court, and Joseph N. Tosh was appointed guardian to the said James Ellsworth Barnett in the place of the said Nicholas H. Barnett, and gave bond to the State of Maryland, which was duly approved by the said Orphans' Court; and if they shall further find, that the said Nicholas H. Barnett was ordered by the Orphans' Court, (if they shall find such order,) to deliver up and pay over to the said Joseph N. Tosh, guardian as aforesaid, all the property and money due the said ward, or bring the same into the said Orphans' Court, to be paid

to said Joseph N. Tosh, guardian, and that said Nicholas failed to obey such order, (if they shall find such order;) and if they shall further find, that afterwards, the said Orphans' Court ordered and directed, before the bringing of this suit, the guardian bond of the said Nicholas, (if they shall find such order,) to be put in suit; and if they shall further find, that by the last account of the said Nicholas H. Barnett, guardian as aforesaid, (if they shall find such account,) that there was the sum of three hundred and ninety-one dollars and ninety cents, still remaining in the hands of the said Nicholas H. Barnett, guardian as aforesaid, and that the said Nicholas H. Barnett never paid the same to the said Joseph N. Tosh, guardian as aforesaid, nor brought the same into the said Court, to be paid to the said Joseph N. Tosh, guardian, then their verdict must be for the plaintiff.

The defendant offered the following prayers:

1. That under the admitted facts in this case, the verdict of the jury must be for the defendant; provided, the jury find the due execution of the will of James Tosh offered in evidence by the defendant.

2. That there is no evidence in this case legally sufficient to establish, that the Orphans' Court of Cecil County, ordered the executors of James Tosh to pay to the guardian of James Ellsworth Barnett the legacy of four hundred dollars mentioned in the will of said James Tosh, or that said Court legally ratified any payment of said legacy by said executors to said guardian.

The Court (WICKES and STUMP, J.,) granted the plaintiff's prayer, but rejected the defendant's prayers. The defendant excepted, and the verdict and judgment being against him he appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*L. M. Haines,* and *Albert Constable,* for the appellant.

*George A. Blake,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The controlling question in this case arises upon the terms of the will of James Tosh, deceased, and as to the duty of the executors under the will, in respect to a legacy of $400, bequeathed to James E. Barnett, a minor, to be paid to him on his attaining the age of twenty-one years, the interest in the meantime to be paid to two other parties. The form and terms of the gift are as follows:

" Secondly. I give and bequeath to my beloved grandson, James Ellsworth Barnett, son of Nicholas and Rebecca J. Barnett, the sum of four hundred dollars, *to be paid to him* when he arrives at the age of twenty-one years.

" Third. I give and bequeath to my two beloved daughters, Rebecca J. Barnett and Margaret Ellen Nichols, the interest of the above four hundred dollars, bequeathed to my grandson, James Ellsworth Barnett, *to be paid to them annually,* share and share alike; and I order and direct, that in the event of the death of either of my daughters aforesaid, the whole of the interest of the four hundred dollars aforesaid, to be paid to the survivor. And I further order and direct, that in the event of the death of both of my daughters, the said interest to be invested for the benefit of my grandson aforesaid, and to be. paid to him when he arrives at the age of twenty-one years."

It is admitted that the two daughters, entitled to the annual interest of the fund, are both still living, and that James Ellsworth Barnett is still a minor. The executors, it seems, paid over the legacy of $400 to the guardian of the minor legatee, and that guardian, becoming insolvent, was removed, and another was appointed in his stead;

and this is an action by the substituted guardian, brought upon the bond of the first, against the surety therein, to recover the legacy paid over by the executors.    And the question is, whether or not the bond is to be held liable for the money thus coming into the hands of the guardian.

No special direction was given by the testator as to who should invest the fund, collect the annual interest, and pay it over to the daughters.    But in the absence of such special direction, it was the plain duty of the executors, and no one else.    The testator manifestly contemplated that the fund should be invested during the minority of the grandson, in order to raise the annual interest for the benefit of his daughters; and as the duty of investment was not imposed upon any other person, it was, by necessary implication, devolved upon the executors, as one of the duties of their office.    It was an active beneficial duty to the daughters, so far as the interest was involved, and also to the grandson, for the preservation of the corpus of the fund; and being a duty attached to their office, the executors could not divest themselves of it while holding their representative relation to the estate.    They were at liberty, it is true, to apply either to the Orphans' Court, or to a Court of equity, for direction as to the nature and mode of investment; but that does not necessarily imply that they should be released from the active duties imposed upon them by the will, or that they should be exonerated from all liability to account.    The case would seem to be fully within the long settled doctrine of this State, as enunciated in the cases of *Evans vs. Iglehart*, 6 *G. & J.*, 171; *Hanson vs. Brawner*, 2 *Md.*, 90, and *State, use of Dittman vs. Robinson*, 57 *Md.*, 486, 495–6, with respect to the duty of the executors to invest the fund and account for the income.

It is insisted on the part of the plaintiff that the legacy was paid over to the guardian by the sanction and under the direction of the Orphans' Court, given by authority

exercised under *Art.* 93, *sec.* 10, *of the Code;* and that the executors were not only authorized to make such payment, but are fully exonerated from all further liability in respect to such legacy.    But in this proposition we cannot concur.

In the first place, there is no legally sufficient evidence that the Orphans' Court ever did, in fact, decree or direct such payment to be made to the guardian.    The provision of the Code relied on contemplates an application, by the executor or party interested, to the Orphans' Court, whereupon it is made the duty of that Court, "*to decree or direct* what part of the personal estate shall be retained or appropriated for the purpose, and in what manner it shall be disposed of, and the legacy or benefit intended by the will shall be secured to the person to be entitled at a future period or contingency," &c.    The only ground for concluding that the Orphans' Court ever *decreed or directed* in reference to the matter, is the doubtful inference attempted to be drawn from the fact that in the account stated by the executors, and passed by the Court, credit is taken for the $400 as legacy *due* James E. Barnett, but without saying to whom, or by what authority, paid; and in an account stated and passed by the guardian, he charged himself with the legacy, without saying from whom he received it.    In a matter requiring such careful deliberation on the part of the Court, and such particularity in the decree or direction to be given, it would not be safe to conclude that the Court had actually decreed or directed the legacy to be paid over, as contended by the plaintiff, upon such very informal, indirect and inconclusive evidence as that relied on in this case.    *Carlysle vs. Carlysle,* 10 *Md.,* 440.

But putting aside this objection, we are clearly of opinion the Orphans' Court had no power, by any order that it could make, to relieve the executors of the active and continuing duty imposed upon them by the will.

That duty required them not only to account for the fund to the legatee upon his attaining age, but to invest the fund and keep it invested, and annually to collect and pay over the interest to the daughters of the testator. The fund, therefore, could not be transferred to the guardian of the minor legatee, while this duty of investing it, and collecting and paying over the interest thereof to the daughters continued. Such duty could not be transferred to the guardian, and clearly his bond could not be made liable for his failure to invest and account for the interest to the daughters. They are legatees of the interest of the fund during the minority of the grandson, and the executors were bound to preserve and keep in their control the fund for the benefit of such legatees, and to execute and carry out the will and intention of the testator.

It is urged on the part of the plaintiff that the case of *Gunther & Canfield vs. State, use of Bouldin,* 31 *Md.,* 21, is decisive of this case in favor of the plaintiff. But that case is quite distinguishable from the present. In that case the legacy was given to the legatee in case he attained the age of twenty-one years; but in the meantime, neither the fund itself, nor the interest that might accrue thereon, was specifically bequeathed, as in this case with respect to the interest. There was therefore no active or continuing duty on the part of the administrator with the will annexed, imposed by the terms of the will, in respect to the legacy, that required him to retain and invest the fund, such as there is in this case. And there being no such active and continuing duty required of him by the will, he was, upon his own application, under the 10th section of the 93rd Article of the Code, allowed to pay over the legacy to the guardian of the legatee. Instead of directing the administrator *c. t. a.* to pay over the fund to the residuary legatee in that case, as could have been done, upon sufficient security, (*Webber vs. Webber,* 1 *S. &*

*S.*, 311; 2 *Wms. on Ex'rs*, 1202), the Court directed him to pay it over to the guardian, under the authority of the statute. That case is not similar to this, and therefore does not control it.

Such being the opinion of this Court, it follows that the prayer offered by the plaintiff ought to have been refused, and those offered by the defendant ought to have been granted. We must, therefore, reverse the judgment.

*Judgment reversed.*

(Decided 26th March, 1884.)