## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 28, 1908.

CATHERINE O'HEAR
VS.
HUGH SISSON, JR., ET AL.

*Thomas J. Mason* and *Thomas R. Clendenin* for plaintiff.

*C. M. Armstrong* and *Thomas Hughes* for defendants.

**GORTER, J.—**

Michael O'Hear died June 5, 1884. He left a will. In it he specifically bequeathed as follows:

"I bequeath to my wife, Catherine O'Hear, the interest of three thousand dollars during her natural life, the above amount to be invested by my executor in some safe investment and the interest from said three thousand dollars to be paid her semi-annually: at her death the said sum of three, thousand dollars reverts to my brothers and sisters, or their descendants, in the same manner as the balance of my property thereinafter bequeathed."

The will then leaves the residue of the testator's property to his brothers and sisters, and appoints Thomas Armstrong, executor.

The said Thomas Armstrong duly qualified as executor, and was granted letters testamentary by the Orphans' Court of Baltimore City.

Hugh Sisson and Charles Webb were the sureties upon the bond of Thomas Armstrong.

Armstrong in due time filed his administration account in the office of Register of Wills of Baltimore City. By it he distributed $3,000 to himself under the provision of the will above quoted.

He continued to pay Catherine O'Hear $180 per year, semi-annually, until about five or six years ago; he died insolvent.

Both the sureties upon the bond have also died. Charles Webb left no estate. Hugh Sisson left a large estate. By his will he made certain special bequests to his sons, and then left the residue of his estate to his daughters, Mrs. Randall, Mrs. Duker, Mrs. Armstrong and Mrs. Abell. Mr. Sisson's estate had been administered upon and distributed to those entitled under his will prior to the filing of the bill in this case.

The object of the bill is to require Mrs. Randall, Mrs. Armstrong, Mrs. Duker and the children of Mrs. Abell, she being deceased, to pay to Catherine O'Hear the interest on the $3,000 from the time Thomas Armstrong ceased to pay it. The amount now due amounts to about $1,000. The proceedings are for the purpose of holding the residuary legatees of one of the sureties upon the bond of Thomas Armstrong, executor of Michael O'Hear, on the ground that Thomas Armstrong has failed to faithfully perform his duties as such executor.

The first and most important question to be decided is, has Thomas Armstrong failed to faithfully perform his duties as executor of the estate of Michael O'Hear? I think so. My reasons I shall briefly state:

Section 10, of Article 93 of the Code, provides that whenever under the provisions of a will it shall be necessary for an executor to retain in his hands part of the personal estate it shall be his duty to apply to the court of equity or the Orphans' Court, and the said courts respectively shall direct him how to dispose of, invest and secure such part of the estate. The plaintiff's counsel contend, that Armstrong, when he had his account as executor passed by the Orphans' Court, distributed to himself, as executor, to hold under the above quoted provision of O'Hear's will, $3,000 in cash; and even if in point of fact he did not do so, he is concluded by said account from saying otherwise; and they refer to the case of Byrd vs State, 44 Md. 801, as supporting this contention. The defendants' counsel, on the other hand, contend that Thomas Armstrong took a note of $3,000, made by Charles Webb, to hold under the provision of Michael O'Hear's will, and that was the best he could do, and he did that with the assent of Catherine O'Hear.

Charles Webb was the partner of Thomas Armstrong, and the surety upon his bond. The defendants' attempt to substantiate their position by showing the records in proceedings in equity, wherein Thomas Armstrong has filed a note for $3,000, dated long after the death of Michael O'Hear, but which inferentially is a renewal of the note, which they contend Armstrong passed over to himself as executor to hold under the terms of the will.

I am of the opinion that Thomas Armstrong would be liable under both state of circumstances, and that this liability would come from his failure to perform his duty as executor of

Michael O'Hear. If he received cash, it is plain he should have invested it under the order of the court, and if he took the note of Charles Webb, his partner and surety, he ought to have collected it. Indeed, he should not have taken the note.

The bequest for the benefit of Catherine O'Hear was the only specific bequest in the will, and it was entitled to be taken care of first. If there were any doubtful securities, or any unpaid obligations in the estate, they should have gone to those entitled to the residue under the will. An inspection of the administration accounts indicates that cash was paid to Mr. Williams, the attorney for those entitled to the residue.

The provision of the will under consideration falls within the Section 10, of Article 93 of the Code. Under that provision it was the duty of Armstrong, *as executor*, to invest the three thousand dollars "in some safe investment" and to pay the income "semi-annually" to Catherine O'Hear as long as she lived.

If the will had left Catherine O'Hear a life estate absolutely in the $3,000, so that the case would not fall under Section 10, of Article 23, where it is necessary for the executor to retain in his hands part of the estate, still Thomas Armstrong would have failed in the performance of his duty as executor.

The duty is clearly expressed in the case of Gilchrest vs. Bose, at page 294 of 87 Maryland.

"The principle is well established in this State that where a legacy consists of money or property whose use is the conversion into money, it is the duty of the executor to invest the same in some productive fund, or it must be put on adequate securities, and most properly under the direction of the Orphans' Court or a court of equity, so that the dividends or income may be received by the legatee for life, and the principal at the death of the legatee for life may be received by the legatee in remainder. Evans vs. Iglehart, 6 G. & J. 197; Wooten vs. Burch, 2 Md. Ch. 196.

This duty rests upon the executor independently of the provisions of Section 10 of Article 93 of the Code; it is founded upon the obligations devolving upon the executor with reference to the property in his hands so bequeathed and to which his assent is necessary to perfect the title. State vs. Robinson, 57 Md. 495.

Section 10 of Article 93, "indeed, seems to be an application of the general principle just stated to cases where it is necessary for the executor to retain in his hands the personal estate, or any part thereof, as where money or some other thing is directed to be paid at a distant period or upon a contingency."

The will of Michael O'Hear requires the executor to invest the $3,000 in some safe investment, and to pay the income therefrom semi-annually to Catherine O'Hear. The will, therefore, requires the executor to hold the fund during the life of Catherine O'Hear, and to pay her the interest semi-annually, during her life, at the expiration of which time it passed to those entitled in remainder.

This duty would have been imposed upon the executor, had the will not expressly done so.

In the case of Hindman vs. Tosh, 61 Md. 475. The Court of Appeals say: "That as the duty was not imposed by the testator by any other person, it was the duty of the executor, as incident to the office, not only to account for the fund to the minor legatee, but to invest the same and keep it invested, and to collect, and annually pay over the interest to the daughters."

The facts in the case of Rieman vs. Peters, 2 Md. 104, are analogous to the facts in the case. These, under the terms of the will, the executors were to hold the estate of the testator, so as to pay his widow $500 annually. The court said it was their duty to do so in their capacity as executors, notwithstanding they had stated their account in the Orphans' Court, and were made also trustees and agents by the will. The case fell within Section 10, of Article 93 of the Code.

In the case of Rieman vs. Peters, the executors were to hold the estate during life of widow so as to pay her the income of $500. In this case, the executor is required to hold the $3,000 to pay to Catherine O'Hear such income as it may produce.

It is declared in the leading case of State vs. Cheston, 51 Md. 373, that the function of the executor, and the length of time they continued, depended upon

the construction of the will itself. The will of Michael O'Hear, the common law, and the statute, all required Thomas Armstrong to collect the note of Charles Webb, if such was the security he held, and to invest the proceeds in some safe investment, or to have invested the funds of $3,000 if the contention of the plaintiff be sound, in some safe investment, and to pay the income semi-annually to Catherine O'Hear.

This duty was upon him as executor. He has failed in the performance of this duty. The bond which was given as security for such performance is liable, and those who have received part of the estate of the only solvent surety, should respond to that liability.

Nor do I think the evidence is sufficient, if there be any at all, to show that Catherine O'Hear knew or assented to Thomas Armstrong's retaining, if he did so, the note of his partner, Charles Webb, as the security or investment to hold for her benefit during her life.

The doctrine of assignment by operation of law, from one capacity to another, where the same person occupies both, elucidated in the cases of Wooley vs. Price, 76 Md. 196; Cheston vs. State, 51 Md. 352, and the cases therein referred to, can have no application to this case: because under the will of Michael O'Hear, Thomas Armstrong holds, but in one capacity, that of executor, and the failure of the performance of his duties were in that capacity. He was not to become under any circumstances, either trustee, guardian or agent.

Nor do I think the Statute of Limitations can be successfully invoked. There was nothing in the evidence to show that Catherine O'Hear had any knowledge that Armstrong had not invested the $3,000 as he was required to do by the will, or that he continued to hold the Webb note. It is reasonable to suppose that the first knowledge she had that things were not as they should be, was when Armstrong about five or six years ago failed to pay her the interest to which she was entitled. The trust, which the will imposed upon him as executor was a continuing trust, to which limitation would not apply; Camp vs. Constable, 87 Md. 173.

The duties imposed upon Thomas Armstrong by the will, in respect to

this fund of $3,000 may be said to be two-fold. First, to invest; and second, to pay the interest semi-annually to Catherine O'Hear. The second was the duty in which Catherine O'Hear was more concerned.

It might very well be that if Armstrong always paid the sum of $180 to Catherine O'Hear, his bond would not be liable to her for his failure to invest, or for an improper investment, or for a failure to collect the money of the estate so as to invest.

The bond given by Thomas Armstrong was only to be void in case he well and truly performed the office of executor of the last will and testament of Michael O'Hear, and in all respects perform the duties required by law as such executor.

The duty that Catherine O'Hear in her bill complains about is the failure to pay her her interest, and the breach of that duty occurred for the first time about five or six years since.

Section 3 of Article 57 of the Code, says: No testamentary bond will be admitted in evidence after the principal debtor and creditor shall have been dead for twelve years, or the debt or thing in action is above twelve years' standing.

The debt or thing in action is the interest on the $3,000 which had only been standing for five or six years when this suit was brought.

The doctrine of laches, under the facts of this case should not be applied. The plaintiff was put upon the stand as a witness. She is ignorant, destitute, friendless, and her mental powers are greatly impaired. She is at present an inmate of Bay View, where no doubt the loss of income Michael O'Hear had provided, has consigned her. When Armstrong died, she would naturally be at a loss what to do. When she went to see an attorney it was only with considerable labor and investigation that he could make himself familiar with the complicated facts of this case, and determine upon the steps to be taken. I think those who take personal estates under the residuary clause of Mr. Sisson's will, and their successors in title, are liable to Catherine O'Hear for the payment of the unpaid interest upon the $3,000 left by Michael O'Hear. 87 Md. 173, Camp vs. Constable. I shall sign a decree against them for that amount.