[File No. 6199.]

JERRY ZLEVOR, Appellant, v. MARGARET TICE, William Giese, Emil Giese, Emilia Giese, Marie Kughn, and Dorothy Giese, Wm., Giese, Jr., Clarence Giese and Raymond Giese, Minors, and C. J. Weium, as Special Guardian of the Minors, Respondents.

(255 N. W. 470.)

Opinion filed May 31, 1934.

*B. H. Bradford* and *F. B. Lambert,* for appellant.

*George A. McGee* and *Harry E. Dickinson,* for respondent.

628

BURKE, J. On the 29th day of December, 1926, William Giese and Emilia Giese executed their joint will providing "After the payment of such funeral expenses and debts, I give, devise and bequeath unto the survivor of the makers hereof all of my property, real and personal, having in mind our children Marie Kughn, William Giese, Emil Giese, Margaret Tice and the children of our deceased son Carl Giese, the survivor to have the use of said property for his or her support during her lifetime, and after the death of the last of us, the property remaining to be divided equally between my said four children and one equal share to be given the children of my deceased son Carl Giese. Lastly, I make, constitute and appoint Jerry Zlevor of Minot, North Dakota to be executor."

On the 10th day of June, 1931 William Giese died and the said Jerry Zlevor qualified as executor on the 10th day of July, 1931 and on the said 10th day of July, 1931 he filed an inventory of the property belonging to said estate, which amounted to $15,876.04. On the 19th day of August, 1931 the executor petitioned the county court alleging that he had in his possession cash belonging to said estate not invested, not necessary to pay the claims against the said estate and that there were certain moneys on deposit drawing only 2% interest which could be invested at a higher rate of interest and praying for an order permitting the investment of such funds. The court ordered a hearing on the 26th day of August, 1931 and ordered notice to be published once in the Dakota State Journal, at Minot, North Dakota. Notice was duly published as ordered and as shown by the affidavit of publication. Thereafter the court made the following order: "Ordered that the petitioner, Jerry Zlevor, as executor of the estate of William Giese, deceased, be and he is hereby ordered and authorized to invest such funds in only . . . mortgages on farm properties in the State of North Dakota bearing interest at not less than 6% and maturing in not to exceed three years from date hereof and make due report thereof to this

court." Thereafter the county court made an order stating in substance that the executor having applied to this court for authority to invest certain funds in said estate in a certain real estate mortgage, for the sum of $5,000.00 executed and delivered by Elmer P. Williams to John J. Coyle, dated November 5, 1931, due November 5, 1932 on the southwest quarter, the south half of the northwest quarter of section 8 and the east half of the southeast quarter of section 7, township 152, range 82 and which mortgage is a first mortgage lien thereon. It is ordered that said executor be and he is hereby authorized to loan, upon the assignment of said note and mortgage above described, the sum of $2,000.00 accepting such assigned note and mortgage, drawing interest at 7% as collateral for such loan. On the 19th of February, 1932 the executor filed a first report and accounting showing property valued at $14,590.04 and expenditures, including money paid to Emilia Giese, of $1,611.93 and the collection of the Borene note and mortgage of $4,086.66 and the reinvestment with other funds in the total sum of $4,500.00 in first real estate mortgages with the approval of the court and drawing interest at 6%.

To this report attorney for the heirs filed objections:

1. To the allowance of $172.00 attorney fees;
2. To the items—time of executor arranging Linha loan $10.00 and time for executor arranging Kane loan, $10.00.
3. To the item—Statutory executors fees $238.75, on the ground that said expenditure was never authorized by the court and is excessive.

Thereafter the executor filed an itemized account upon which there was a hearing and a petition was filed for the removal of the executor alleging the withdrawal of $238.75 before the administration of the estate was complete and the unlawful payment of $20.00 for arranging the Linha and Kane loans; that on September 11, 1931 the executor loaned to Rudolph Linha the sum of $1,500.00 from the funds and property of the estate and accepted in return from the said Rudolph Linha a promissory note for the sum of $1,500.00 with interest at 6% and secured by real estate mortgage on the south half of the northwest quarter, lots three and four of section 2 township 155, range 83. On September 16, 1931 the said executor loaned to one William Kane, guardian of the person and estate of Alice Baker, the sum of $1,000.00

from the property of the estate, accepted in return the promissory note of William Kane, as guardian, for $1,000.00 with interest at 6% per annum and secured by a real estate mortgage on the southwest quarter of the southeast quarter, south half of the southwest quarter of section 34 and the southeast quarter of the southeast quarter of section 33, township 157, range 84 and lots three and four, section 5, lot one, section 6, township 156, range 84.

On November 21, 1931 the executor loaned to his attorney, J. J. Coyle, the sum of $2,000.00 from the funds of said estate and accepted and received from the said J. J. Coyle a note for $2,000.00 due in one year with interest at 8%; that as collateral security for said note the executor received from said attorney a note dated November 5, 1931 given by Elmer P. Williams to J. J. Coyle for $5,000.00 due in one year with interest at 6% and secured by a real estate mortgage on the southwest quarter, south half of northwest quarter of section 8; and east half of the southeast quarter of section 7, township 152, range 82. That upon the hearing the county court found as a fact that the attorney for the executor agreed to act as attorney for $100.00 and allowed the attorney fees in that amount and allowed $15.00 for the service of certain papers; that the sum of $10.00 for arranging the Linha loan and the sum of $10.00 for arranging the Kane loan were for trips made by the executor in viewing the lands for which he loaned certain funds from the estate and were disallowed. That the sum of $238.75, statutory executor fees being the full amount of the statutory executor's commission computed on the amount of the estate as shown by the inventory, could not be allowed as the estate had not been closed. The county court finds as a fact that the executor on petition to the court obtained an order of said court authorizing the investment of said fund in real estate mortgages and that thereafter the executor made first mortgage loans of $1,500.00 secured by a mortgage on a quarter section of land and first mortgage loan of $1,000.00 secured by a first mortgage on a quarter section of land and one mortgage of $2,000.00 secured by a note and mortgage for $5,000.00 on a half section of land.

As conclusions of law the item of $1,181.18 was allowed, $100.00 attorney fees allowed and $15.00 service of certain papers, the item of $20.00 arranging real estate loans is disallowed, but the executor was allowed $120.00 in full of all commissions. The executor is charged

with the funds of the estate, $14,590.04 and is entitled to a claim for the amount expended in the sum of $1,463.18, leaving a balance of $13,426.86, for which the executor is charged. That the executor is not a proper party, under § 8840, Compiled Laws 1913, to present a petition for the investment of funds and the publication of notice of such hearing for one week does not comply with the provisions of § 8544a4, Supp. to 1913 Compiled Laws. That an order of the court under date of August 27, 1931 is void and of no effect. That the Williams loan for $2,000.00 is not a real estate mortgage loan but is a personal loan by the executor to his attorney, secured by real estate collateral. That the executor is not entitled to credit for any of the real estate loans, the same being unauthorized and illegal. That the executor should be charged with the sum of $146.75 with interest thereon at the rate of 6% from November 1, 1931, with the sum of $2,500.00 with interest thereon at 6% from September 16, 1931 and the sum of $2,000.00 with 6% from November 21, 1931 and that the notes and mortgages may be held by the estate as security for the repayment of the said amounts by the executor or by any person in his behalf, then said notes and mortgages may be surrendered and transferred to the person making such payment.

Thereafter the executor duly appealed to the district court and after trial the district court finds that on August 19, 1931 the executor presented and filed in the county court a duly verified petition for authority to invest the funds of the estate; that on the filing of said petition the county court entered an order directing that hearing be had on the 26th day of August; that notice may be published in the Dakota State Journal, a weekly newspaper published in Minot, North Dakota and the publication of notice of hearing was made on August 20, 1931; that no other or further notice was given; that on the 27th day of August, 1931 the county court entered an order that the executor "be and he is hereby ordered and authorized to invest such funds in only . . . mortgages on farm properties in the state of North Dakota." Then follows the description of the loans as described in the files of the county court. Continuing the court said: "That the said loans were made by the Executor in good faith; that the Judge of the County Court of Ward County had personal knowledge of the making of said loans and each of them; that in the case of the loan of $1,000.00

to William Kane as Guardian of Alice Baker, incompetent, the Judge of the County Court of Ward County solicited, counseled and advised in the making of said loan; that in connection with the loan to J. J. Coyle upon the Williams note and mortgage, the Judge of the County Court of Ward county upon an oral or ex parte application, without any Notice or hearing of any kind, made and entered the following Order: 'The executor of the above named estate having applied to this Court for authority to invest certain funds of said estate in a certain real estate mortgage in the sum of $5,000.00 executed and delivered by Elmer P. Williams, a widower, as Mortgagor to J. J. Coyle, as mortgagee, dated Nov. 5, 1931, due Nov. 5th 1932, in which the following described real property, situated in Ward County, N. Dak., to-wit (Above described lands) is given as security, and which mortgage is a 1st mortgage lien thereon . . . it is ordered, that said Executor be and he is hereby authorized to loan upon due assignment of said note and mortgage above described, the sum of Two Thousand Dollars ($2,000) accepting such assignment, note and mortgage drawing 7% interest as collateral for such loan.' That the mortgages in question are first mortgages and that the real property incumbered thereby is reasonably worth twice the amount of said loan so made in each instance . . . That in North Dakota an Executor or Administrator has no power or authority to invest funds of the estate in his possession or under his control without first obtaining an Order of the County Court issued pursuant to law; that if he makes investments or purchases securities or property without such an Order, such investments, securities or property are not the contracts or property of the estate but are the personal contracts and property of the executor or administrator. That investments of the funds of an estate, pending its settlement, may be made upon the petition of 'any party interested therein;' that the Executor or Administrator is not a party interested therein within the meaning and contemplation of the statute; that a petition made and verified by such Executor or Administrator is not a proper petition to invest such funds. That an Order to invest funds for the benefit of the estate 'can only be made after publication of notice of the petition in some newspaper to be designated by the judge;' that such publication is governed by the provisions of § 8544a4 of the 1925 Supplement to the Comp. Laws, which provides that service by publication

shall be for two successive weeks, the date of hearing to be ten days from the date of the last publication. That in the above entitled matter, no proper or sufficient petition to invest funds was presented to the county court of Ward county as required by law; that no proper or sufficient notice of hearing by publication was given as provided by law; that the orders of the county court of Ward county, N. Dak., made on Aug. 27th 1931, and Jan. 8th 1932, are null and void. . . . That the three mortgage loans involved in these proceedings were made without proper authority from the county court and are therefore illegal and unauthorized investments of the funds of the estate; that the same are not investments or property of the estate but are the personal contracts and property of the executor. That the order of the county court of Ward county, N. Dak., of April 15th 1932, insofar as the same charges the said Jerry Zlevor as executor with the sum of $4,-500.00 represented by the farm loans heretofore described with interest on $2,500 from Sept. 18th 1931, and on $2,000. from Nov. 21st 1931, at 6% per annum, be in all things affirmed; that such order further provided that upon the payment of said sums by the executor or his surety that the Administrator with the Will Annexed or other representative of said estate be authorized and directed to endorse the notes, without recourse, and to assign the mortgages, and deliver the same together with the abstracts and other papers pertaining to said loans to the Executor, his surety, or his or its assigns or agents. That the respondents recover their taxable costs and disbursements herein." From a judgment entered on these findings the executor appeals.

Appellant contends that the court erred in holding that the executor was not a proper party to file a petition for an order for the investment of funds. Section 8840, Compiled Laws, 1913, reads: "Pending the settlement of any estate on the petition of any party interested therein, the county court may order any moneys in the hands of the executor or administrator to be invested for the benefit of the estate. Such order can only be *made after publication of notice of the petition* in some newspaper to be designated by the judge." Section 8545, Compiled Laws 1913 provides that "The general parties in a case in the county court are the person interested in the estate or other subject matter, and the executor, administrator or guardian thereof." It follows that the executor, administrator and guardian are parties. "As

a general rule the duty of an executor or administrator is confined to collecting and paying out or distributing the assets of the estate, and it is no part of his duty to invest funds belonging to the estate. This duty may, however, be imposed upon him by will or by statute, or a duty to invest may sometimes arise from the necessities of the case, where there is considerable and unavoidable delay in settling up the estate and making final distribution." 24 C. J. 72, § 492. Wootten v. Burch, 2 Md. Ch. 190; Villard v. Villard, 219 N. Y. 482, 114 N. E. 789.

In the instant case the estate cannot be settled so long as one of the makers of the will survives. Emilia Giese is at this date seventy years old and may live for years. In the meantime the estate cannot be settled and the funds should be invested.

There is bound to be delay in the final settlement of the estate and certainly the executor who has the handling of the funds is a proper party to apply to the county court for permission to invest.

Section 8840 first appears in the statute in 1877. It has come down through the years unchanged and does not require a hearing or the issuing of any citations. The order may be made after the publication of the notice of petition. Not notice of hearing but notice of the petition.

Section 3 of chapter 120 of the Laws of 1925 is a revision of § 8549, Compiled Laws 1913 and it provides that "Upon the filing of a petition for Letters Testamentary, Letters of Administration, Letters of Administration with the Will annexed, Letters of Guardianship, petition or application for an Order of License to do or perform any act in connection with the administration and settlement of an estate or guardianship, or requiring any person to make a report, or do or perform any act or duty to be by him or her performed; *or upon the filing of any petition, application or report upon which a hearing is required by law, and not within the discretion of the Court to Order, License or Allow,* the Court shall issue a citation fixing the time for hearing such petition, application or report and no other process or order fixing said hearing shall be necessary." This section contemplates a petition upon which the law requires a hearing. Section 8840 does not require a hearing. It simply provides that the order can only be made after publication of notice of the petition in some newspaper to be designated by the judge.

Sections three to seven of chapter 120 of the Laws of 1925 are in place of §§ 8549 to 8559 of the Compiled Laws 1913. Before the passage of chapter 120 of the Laws of 1925 in all cases where a citation was issued the law required service of the citation upon the parties personally, if personal service could be made. In certain cases it could be served upon the attorney or guardian; in others service by mail and still others by publication. But § 8840 did not come under any of the provisions for the reason that it specifically provides how the order is to be obtained and does not require a hearing or the issuing of a citation. All that is necessary is that the petition be filed, notice of the petition published in some paper designated by the judge and after the publication of the notice of the petition the judge may order the investment. It does not say "the order can only be made after publication of notice and hearing of the petition." It says "Such order can only be made after publication of notice of the petition." That is, notice that a petition has been filed and after the notice is published the county judge may issue his order.

Section 4 of chapter 120 of the Laws of 1925 relates only to the manner of service of citations. When a citation is necessary it must be served in accordance with § 4 of said act, but under § 3 it is only on petition, application or report upon which a hearing is required by law and not within the discretion of the court to order that the citation be issued. There is no law requiring a hearing on an application or petition for an order to invest funds. The law authorizing the investment simply authorizes the court to issue the order after notice of petition has been published in a newspaper designated by the judge. It does not say how often the notice shall be published; that is a matter within the discretion of the court. If in his judgment one publication was sufficient that was sufficient under the law.

In the instant case the executor was a proper party to petition the court for an order to invest the funds of the estate and notice of the filing of the petition having been published the order to invest was a compliance with § 8840. The loans were lawfully made and are good faith loans.

The executor should be allowed his actual expenses in travelling to and from the land upon which the loans were made. His going to see the land for the purpose of judging of its value before making the

loan was simply the act of a prudent man and he should be allowed his actual expenses in each case. It appears from the record that the attorney for the executor agreed to probate the estate for $100.00 and the court did not err in fixing his attorney fee at that sum and also fixing the fee for serving citations according to law. The executor's claim for commissions was made in good faith and on the advice of his attorney. The court should allow the actual expenses and commissions when the estate is settled. In all other matters the judgment is reversed with costs. The case is remanded with instructions to enter judgment in accordance herewith and to remand the same to the county court with instructions to enter judgment therein in accordance herewith.

BURR, Ch. J., and NUESSLE and CHRISTIANSON, JJ., and HOLT, Dist. J., concur.

MOELLRING, J., disqualified, did not participate, Hon. DANIEL B. HOLT, Judge of First Judicial District, sitting in his stead.